(10 Misc. Rep. 662.)

### MEAD et al. v. HARTWELL et al.

(Common Pleas of New York City and County, General Term. January 7, 1895.)

1. SHORT SUMMONS—SPECIFICATION OF TIME.

An order of the city court, directing that a defendant be summoned to answer within a shorter time than six days, must specify that shorter time.

2. SAME—COMPLIANCE WITH STATUTE.

An order simply shortening the time "to not less than two days" is not a compliance with the requisition of section 3165 of the Code of Civil Procedure.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Charles E. Mead and others against H. Edgar Hartwell and others. From an order of the city court (28 N. Y. Supp. 1150) affirming an order denying a motion to vacate an order shortening the time to answer, defendants appeal. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Herman F. Koefke, for appellants.

A. S. Cassedy, for respondents.

PRYOR, J. The appeal is from an order of the general term of the city court affirming an order at special term denying a motion to vacate an order shortening the time to answer. On due proof of the nonresidence of the plaintiffs, an order was entered directing "that the time in the summons within which the defendants are required to answer shall be, and the same is hereby, shortened to not less than two days after service of the summons." Accordingly, a summons issued requiring the defendants to answer "within two days" after service. Regularly, the summons must require an answer within six days; but, in case the plaintiff or defendant resides without the city of New York, a justice of the court may by order direct "that the defendant be summoned to answer within a shorter time, specified therein, not less than two days after the service of the summons, whereupon the summons must correspond with the order." Code Civ. Proc. § 3165. The provision, being for acquisition of jurisdiction, must be strictly complied with. Manifestly the order fails to conform to the mandate of the Code, in that it omits to specify the exact time, less than six days, within which the defendants were to answer. The requirement of the order is merely that the summons shall cite the defendants to answer within a period "not less than two days"; but whether they are to answer on the 3d, 4th, 5th, or 6th day after service of summons is not specified in the order. The order leaves with the plaintiffs the privilege of designating the time within which the defendants shall answer, with the restriction only that they be summoned to answer within "not less than two days." Accordingly, the plaintiffs summoned the defendants to answer "within two days." But the Code prescribes that the court shall specify the shorter time (than six days) within which the defendants should be summoned to answer. The order was the only authority for the issuance of the summons; and, as the order failed to define the period within which the defendants were to answer, the conclusion is that the plaintiffs were powerless to supply the omission. Clearly, the summons does not "correspond with the order," for the one does, and the other does not, limit the time for answering. It is not to be argued that the objection urged by the appellants is merely technical. Legal procedure is a system of technicalities, the observance of which, especially upon points of jurisdiction, is indispensable to the orderly administration of justice. Order reversed, with costs. All concur.